IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOE NEIL GLENN, Jr., | ) |
| | ) |
| Glenn, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:23-cv-146 (MTT) |
| | ) |
| Cert Team Officer AVALA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### ORDER

Plaintiff Joe Glenn has moved for appointment of counsel. ECF 83. Glenn claims that appointed counsel is necessary because of limited access to the law library, the complexity of the case, difficulties in investigating his case and conducting discovery while incarcerated, and limited knowledge of the law. *Id.* at 1.

A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam). Appointment of counsel is "instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Id.* In determining whether a case presents extraordinary circumstances, the Court considers

> (1) the type and complexity of the case; (2) whether the Glenn is capable of adequately presenting his case; (3) whether the Glenn is in a position to adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the

> examination of witnesses, and thus shortening the trial and assisting in a just determination." The District Court may also inquire into whether the Glenn has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)). The Court has considered Glenn's motion and—after applying the factors set forth above—concludes that appointed counsel is not justified. The Court disagrees that the case is complex, and Glenn has demonstrated the ability to litigate his case, including pursuing discovery and filing appropriate motions. Accordingly, Glenn's motion seeking appointed counsel (ECF 83) is **DENIED**.

**SO ORDERED**, this 18th day of September, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT